# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **COREY TAYLOR #534419,** | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 1:24-CV-00015 |
| | ) |
| | ) JUDGE CAMBPELL |
| **TENNESSEE BOARD OF PAROLE**, *et al.*, | ) MAGISTRATE JUDGE HOLMES |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This is a pro se prisoner civil rights case filed by Corey Taylor, an inmate of the Turney Center Industrial Complex in Only, Tennessee. (Doc. No. 1). Along with his complaint, Plaintiff filed an Application for Leave to Proceed In Forma Pauperis. (Doc. No. 2).

By Order entered on May 6, 2024, the Court notified Plaintiff that this case could not proceed until he took additional action. (Doc. No. 5). Specifically, although Plaintiff had submitted an IFP Application and a prisoner trust fund account statement, the statement was not certified as required by statute. The Court directed Plaintiff to submit a certified statement within 30 days of the Court's Order. When Plaintiff did not, the Court entered an Order on June 28, 2024, denying Plaintiff's IFP Application and directing Plaintiff to submit the $405 civil filing fee within 30 days of the Court's Order. (Doc. No. 6).

### I. MOTION FOR RECONSIDERATION

In lieu of submitting the civil filing fee, Plaintiff Taylor has filed a Motion for Reconsideration (Doc. No. 7) of the Court's denial of his IFP Application. Plaintiff submitted a

1

Declaration[1] signed under penalty of perjury in support of his motion in which he invokes the prison mailbox rule and states that he presented his certified inmate account statement to the "T.C.I.X. mailroom staff" on May 7, 2024. (*Id*. at 2).

Plaintiff's Declaration and invocation of the prison mailbox rule are well taken and, in any event, Plaintiff has now filed a certified copy of his inmate trust fund account statement.[2] (Doc. No. 8). Accordingly, Plaintiff's Motion for Reconsideration (Doc. No. 7) is **GRANTED**. The portion of the Court's June 28, 2024 Order denying Plaintiff's IFP Application is **VACATED**, and the Clerk is **DIRECTED** to reinstate Plaintiff's IFP Application (Doc. No. 2) as pending.

## II. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documents (Doc. No. 8), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

---

[1] Plaintiff titled his Declaration an "Affidavit," but Plaintiff's affixed signature was not witnessed by a notary public.

[2] It is unclear if this is the statement Plaintiff alleges he sent on May 7, 2024, or if Plaintiff sent a second copy of his certified statement. It does not matter to the Court's analysis herein.

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Turney Center Industrial Complex to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order.

3

## III. PLRA SCREENING OF THE COMPLAINT

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### A. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### B. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws ...."

To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**C.     Alleged Facts**

The complaint alleges that Plaintiff has been incarcerated since March 15, 2022 and becomes eligible for parole release on December 28, 2024.

On December 12, 2023, Plaintiff appeared before the Tennessee Board of Parole ("parole board") for an initial hearing. Plaintiff submitted letters supporting his parole, he had a positive institutional adjustment, and he had zero disciplinary violations.

The parole hearing officer was Dora Werner. She "went over the facts and circumstances and examined the documentary evidence submitted by the plaintiff." (Doc. No. 1 at 2). She also asked Plaintiff questions. Ms. Werner recommended that Plaintiff be denied parole, to be reviewed again in December 2026. The parole board adopted her recommendation and denied Plaintiff parole.

The complaint alleges that Plaintiff's rights were violated in that the parole board acted "illegal[ly], arbitrarily, capricious[ly], and fraudulently in its actions and violated Plaintiff's due process rights . . . ." (*Id*. at 3).

**D.     Analysis**

First, the complaint identifies Defendant Werner as a member of the parole board. Members of the parole board, including the parole hearing director, hearing officer, and parole administrator, are absolutely immune from damages liability. "[A] parole board is entitled to

5

absolute immunity for activities related to 'the execution of parole revocation procedures.' " *Wright v. McClain*, 626 F. Supp. 1073, 1074 (W.D. Tenn. 1986) (citations omitted); *see Murray v. Miller*, No. 89-5506, 1989 WL 149987, at *1 (6th Cir. Dec. 12, 1989) (holding that "[t]he district court correctly concluded that the defendants are immune from suit for damages under 42 U.S.C. § 1983. Individual members of state boards uniformly have been found to have absolute immunity from suit for damages."); *Robinson v. Bd. of Paroles*, No. 88-6400, 1989 WL 68024, at *1 (6th Cir. June 23, 1989) (affirming district court's holding that suit for monetary damages against Tennessee Board of Parole members was frivolous). Thus, the complaint fails to state damages claims upon which relief can be granted under Section 1983 against Defendant Werner and any other Parole Board member in his or her individual capacity.

Plaintiff also names the parole board as a Defendant. A suit against the parole board is a suit against the state of Tennessee. *See Pennhurst State Sch..& Hosp. v. Halderman,* 465 U.S. 89, 98-100 (1984). And, a suit against a parole board member in his or her official capacity is a suit against the state agency. *Hafer v. Melo*, 502 U.S. 21 (1991); *Ky. v. Graham*, 473 U.S. 159, 165-66 (1985). The Eleventh Amendment to the United States Constitution bars claims for damages against a state, its agencies, and its employees in their official capacities unless a state has a waived its immunity. *Quern v. Jordan*, 440 U.S. 332, 337 (1979), *overruled on other grounds by Hafer*, 502 U.S. at 27; *see Cowan v. Univ. of Louisville Sch. of Med.*, 900 F.2d 936, 940 (6th Cir. 1990) ("a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). Tennessee has not waived its immunity. *Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir. 1986); *Gross v. Univ. of Tenn.*, 620 F.2d 109, 110 (6th Cir. 1980). Furthermore, a state is not a person within the meaning of section 1983. *Will v. Michigan*, 491 U.S. 58 (1989). Therefore, to the extent Plaintiff seeks

damages[3] from the parole board, the state of Tennessee, or any parole board member in his or her official capacity, such a request is barred by the Eleventh Amendment and does not fall within the purview of Section 1983. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (dismissing damages claim against state parole board under the Eleventh Amendment).

The complaint alleges that the parole board violated Plaintiff's "liberty interest created by this state's statutes." (Doc. No. 1 at 3). But because Tennessee's statutory scheme places the decision to grant parole within the complete discretion of the parole board, inmates have no state-created liberty interest in parole. *See Seagroves v. Tenn. Bd. of Probation & Parole*, 86 F. App'x 45 (6th Cir. 2003); *Berry v. Traughber*, 48 F. App'x 483, 484 (6th Cir. 2002) ("Berry has neither an inherent constitutional right to parole nor a protected liberty interest created by mandatory state parole laws."); *Wright v. Trammell*, 810 F.2d 589 (6th Cir. 1987) (per curiam) (Tennessee law creates no liberty interest in parole). *See also Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc) ("After *Olim* and *Inmates*, it became clear that procedural statutes and regulations governing parole do not create federal procedural due process rights....The parole authorities in the State of Michigan may have been required to follow their own procedural statutes and regulations on parole as amplified in the consent decree as a matter of state law, but there is not now any viable legal theory by which Michigan state authorities are require to follow such procedural rules as a matter of federal due process.").

The complaint also alleges that Plaintiff's due process rights were violated. (Doc. No. 1 at 3). "Due process in parole proceedings is satisfied as long as the procedure used affords the inmate

---

[3] As relief, Plaintiff requests compensatory damages in the amount of $100,000 from Werner as well as punitive damages in the amount of $2.5 million. While Plaintiff seeks monetary damages, he does not seek immediate relief from custody—an important distinction because, had Plaintiff sought immediate release from custody, the instant Section 1983 complaint would have been an inappropriate method to seek release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus.").

7

an opportunity to be heard, and, if parole is denied, the Parole Board informs the inmate of the basis upon which it denied parole." *Seagroves*, 86 F. App'x 45, 48 (citing *Greenholtz v. Inmates of the Ne. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979)). Here, the complaint alleges that Plaintiff received a parole hearing and the parole board denied parole to Plaintiff. Plaintiff does not allege that he was denied an opportunity to be heard during his parole hearing. As such, Plaintiff has no due process claims based on the parole hearing itself, the process leading up to his parole hearing, or the denial of his parole. *See, e.g., Leggs v. Genovese*, No. 3:16-cv-02069, 2017 WL 6507972, at *6 (M.D. Tenn. Dec. 20, 2017) ("Because Tennessee law does not provide any substantive liberty interest in parole, Petitioner has no basis for any habeas challenge to the Board's parole decisions or the procedures surrounding them.") (citing *Settle v. Tennessee Dep't of Corr.*, 487 Fed. App'x 290, 291 (6th Cir. 2012)) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) and *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir.1994) (en banc)).

Finally, in Tennessee, decisions regarding parole are discretionary and are vested exclusively in the Board of Parole. *Doyle v. Hampton*, 340 S.W.2d 891, 893 (Tenn. 1960). Therefore, the only vehicle for obtaining limited judicial review of a parole board's decision to deny parole is a common law writ of certiorari. *Stone v. Tenn. Bd. of Parole*, No. M201601730COAR3CV, 2017 WL 4217164, at *4 (Tenn. Ct. App. Sept. 20, 2017), *perm. app. denied* (Tenn. 2017). Common law writs of certiorari may be used "to remedy (1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses of discretion." *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003) (citing *State v. Willoughby*, 594 S.W.2d 388, 392 (Tenn. 1980)). The Tennessee Court of Appeals explained:

> The scope of review under the common law writ ... is very narrow. It covers only an inquiry into whether the Board has exceeded its jurisdiction or [acted] illegally, fraudulently, or arbitrarily. ... At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, the decision would not be subject to judicial review.

*Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994) (citations omitted). If dissatisfied with the ruling of the lower state court, the prisoner may appeal to the Tennessee Court of Appeals. *Id*. The appellate court will issue a writ of certiorari where a prisoner makes a showing that there was "any fundamental irregularity in the Board's procedures" or that "the Board acted illegally, fraudulently, or arbitrarily." *Williams v. Tenn. Bd. of Prob. & Parole*, No. M2006-02336-COA-R3CV, 2007 WL 3132935, at *4 (Tenn. Ct. App. Oct. 26, 2007).

The complaint does not indicate whether Plaintiff has pursued or obtained a common law writ of certiorari. In any event, this is federal court, not state court, and this Court has no jurisdiction under Section 1983 to issue a writ of certiorari finding that the parole board acted illegally, fraudulently, or arbitrarily in denying parole to Plaintiff. *See Whipple v. Tenn. Bd. of Paroles*, No. 1:17-CV-148-RLJ-SKL, 2018 WL 1387066, at *7 (E.D. Tenn. Mar. 19, 2018) (dismissing plaintiff's claim in his amended Section 1983 complaint for an application for a writ of certiorari seeking judicial review of the parole board's decision to deny him parole). To the extent that Plaintiff seeks a finding by the Court that the parole board acted illegally, fraudulently, or arbitrarily (*see* Doc. No. 1 at 3), this Court cannot grant Plaintiff such relief.

### IV. CONCLUSION

Having screened the complaint pursuant to the PRLA, the Court finds that Plaintiff's claims are subject to dismissal for failure to state a claim for which relief may be granted. 28 U.S.C. § 1915A. All claims and defendants, therefore, will be dismissed. 28 U.S.C. § 1915(e)(2).

Plaintiff's "Petition of Consent to have case overseen and handled by Magistrate Judge" (Doc. No. 3) is **DENIED AS MOOT**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It So **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE